**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ta Yoat Ni,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-13-1155-PHX-PGR (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at San Luis, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 7, 2013 (Doc. 1). On December 12, 2013 Respondents filed their Response (Doc. 8). Petitioner has not replied

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

Upon discovering that his wife was continuing an affair, Petitioner stabbed her, killing her. (Exhibit B, Mem.Dec. 11/10/05 at 4.) (Exhibits to the Answer, Doc. #, are referenced herein as "Exhibit ___.") Petitioner, a native of Burma, was indicted for first degree murder and proceeded to trial, but a mistrial was called during jury selection. A new trial was held, and Petitioner was found guilty of the lesser included offense of

second degree murder. (*Id.* at 5.) Petitioner was sentenced to an aggravated term of twenty-two years in prison. (*Id.* at 6.)

### B. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal, asserting his sentence was improperly aggravated. The argument was rejected by the Arizona Court of Appeals, and his conviction and sentence were affirmed. (Exhibit B, Mem. Dec. 11/10/05 at 10.) Petitioner sought review by the Arizona Supreme Court, which was summarily denied on May 8, 2006. (Exhibit D, Order 5/8/06; Petition, Doc. 1, Exhibits at Pet.Rev.)

Petitioner did not file a petition for writ of certiorari. (Petition, Doc. 1 at 3.)

### D. PROCEEDINGS ON POST-CONVICTION RELIEF

Twenty-nine days later, on June 6, 2006, Petitioner filed a Notice of Post-Conviction Relief (Exhibit E). Counsel was appointed, and ultimately filed a notice of inability to find an issue for relief (Exhibit F). Petitioner then filed a *pro per* Petition (Exhibit G), arguing: (1) ineffective assistance of counsel in failing to challenge mischaracterization of the fatal wound as being to the victim's heart; (2) denial of his Sixth Amendment right to a jury on the aggravating factors, which was not knowingly waived due to inaccurate interpretations; and (3) denial of due process and right to counsel by forcing Petitioner to choose between proceeding to the sentencing phase before the jury with unprepared counsel, or waiving his right to a jury on aggravating factors. On August 30, 2007, the PCR court found the first and third claims without merit, and the second claim waived by failure to raise it on direct appeal. (Exhibit H, M.E. 8/30/07.) Petitioner did not seek further review. (Petition, Doc. 1 at 5.)

Some 38 months later, on November 11, 2010, Petitioner wrote a letter to the PCR court inquiring whether a hearing had been scheduled on his PCR petition. (Exhibit SA-A.) On December 8, 2010, the PCR court mailed a copy of the decision to Petitioner. (Supp. Reply, Exhibit C, Envelope.)

Petitioner then filed a "Motion of Notice of Reconsideration", arguing that he did not receive notice of the denial of his first PCR petition until December 12, 2010, and that his letters to the judge had gone unanswered because the judge had retired. The motion sought an extension of time to file a motion for "reconsideration" [rehearing]. (Supp. Reply, Doc. 11, Exhibit D, "Motion of Notice of Reconsideration.")

On January 20, 2011, Petitioner filed his "Motion of Reconsideration" (Exhibit I) arguing his waiver of a jury on aggravating factors was not voluntary and intelligent, his sentence was in violation of *Apprendi* and *Blakely*, counsel was ineffective, and his sentence was improper and based on unconstitutional statutes.

On August 21, 2012, the PCR court denied the "Motion of Notice of Reconsideration filed by the Defendant pro per on January 3, 2011." (Exhibit J, M.E. 8/21/12.) The court observed that the original PCR judge "is retired from the Superior Court." (*Id.*)

Respondents' Answer characterized this ruling as a denial of the motion for reconsideration. (Answer, Doc, 8 at 7.) Petitioner's Petition characterized it as a ruling on both the Motion of Notice of Reconsideration and the Motion for Reconsideration. (Petition, Doc. 1 at 4-5.) As discussed more fully hereinafter, the undersigned finds it to have only been a ruling on the "Motion of Notice of Reconsideration," and that no ruling issued on the "Motion for Reconsideration."

Petitioner references his "Notice of Motion for Reconsideration" and his "Motion of Reconsideration" as his second and third PCR petitions. (Petition, Doc. 1 at 4-5.) He asserts he did not seek review on either. (*Id.* at 5.) As discussed more fully hereinafter, the undersigned finds these to have been unsuccessful attempts to continue consideration of Petitioner's first PCR proceeding.

Petitioner did not seek further review on his PCR proceedings.

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** – Over nine months later, Petitioner commenced the current case by

3

filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 7, 2013 (Doc. 1). Petitioner's Petition asserts the following four grounds for relief:

1. denial of effective assistance of counsel in violation of his Sixth Amendment rights.
2. his Sixth Amendment rights were violated where he did not knowingly waive the right to have jurors determine the existence of aggravating factors
3. his Fifth, Sixth, and Fourteenth Amendment rights were violated where he had to choose between trial by jury and the right to the effective assistance of counsel.
4. his Sixth and Fourteenth Amendment rights were violated where aggravating factors were not found by the jury or admitted by him.

Petitioner argues that any untimeliness should be excused because of his diligence despite the fact that he did not receive notice of the denial of his PCR petition and because his "many" letters to the PCR judge went answered because of the judge's retirement.

**Response** - On December 12, 2013, Respondents filed and served their Response ("Limited Answer") (Doc. 8). Respondents argue that the Petition is untimely, and Petitioner's state remedies on his claims are procedurally defaulted.

**Reply** – The Court's Service Order required that any reply be filed "within 30 days from the date of service of the answer." (Order 10/30/13, Doc. 3 at 3.) That time passed and no reply was filed.

**Supplements** – In an Order filed January 29, 2014, the undersigned notified the parties of a tentative conclusion that the limitations period had been tolled throughout Petitioner's PCR proceedings, including the interregnum between the dismissal and the motions for reconsideration, and observed that Petitioners second claim, which Respondents argue was procedurally barred as waived by failure to raise it on direct appeal, might have been subject to Arizona's requirement for a personal waiver, and thus the application of the procedural bar may not have been an "adequate" state ground. The parties were given an opportunity to supplement their briefs and the record to address

those issues.

**Supplemental Answer** - On February 19, 2014, Respondents filed their Supplemental Answer (Doc. 10), arguing that the Court's tentative conclusion on the statute of limitations was in error, and would result in indefinite tolling from any post-conviction proceeding. With regard to procedural default, Respondents argue that Petitioner had the burden of showing that the state's procedural ground was inadequate, and that the Arizona courts had not yet ruled whether a personal waiver was required for the type of claim asserted in Ground Two but that this Court could not revisit the correctness of the state PCR court's application of the rule.

**Supplemental Reply** – On March 13, 2014, Petitioner filed his Supplemental Reply (Doc. 11).  Petitioner argues that his time to seek reconsideration in his PCR proceeding did not begin to run until he received the PCR court's decision.  Alternatively, Petitioner argues he is entitled to equitable tolling due to his lack of notice of the decision.  Petitioner contends that he was diligent in pursuing his rights in the face of lack of such notice, and that he does not control the distribution of such notices.  Petitioner further argues that a personal waiver of his claim in Ground Two is required under Arizona law, and that he did not make a voluntary waiver due to the trial court's insistence on proceeding to sentencing despite counsel's protests that he was not prepared to proceed, and the trial court failed to conduct a hearing to insure it was knowing and voluntary.  Petitioner similarly argues that his claims of ineffective assistance require a personal waiver of the right to counsel.

### III. APPLICATION OF LAW TO FACTS

**A.  TIMELINESS**

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to

28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

### 2. Commencement of Limitations Period

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

Here, Petitioner's direct appeal remained pending through May 8, 2006, when the Arizona Supreme Court denied his Petition for Review. (Exhibit D, Order 5/8/06.)

It is well established in the Ninth Circuit that for purposes of 28 U.S.C. § 2244, "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999). The rules of the Supreme Court of the United States, requires that a petition for a writ of certiorari be filed "within 90 days after entry of the order denying discretionary review." U.S.S.Ct. R. 13(1). Accordingly, because Petitioner did not file a petition for a writ of certiorari, his conviction became final on Monday, August 7, 2006, 90 days after the Arizona Supreme Court denied review.

Therefore, Petitioner's one year began running on August 8, 2006, and without any tolling expired on August 7, 2007, making his June 7, 2013 Petition almost six years delinquent.

//

//

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner proffers no argument that any of these apply. Petitioner's arguments about the delays in receiving notice of the denial of his PCR petition do not relate to new discoveries of claims, just to the rejection of them by the state courts.

**3. Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

**Tolling from First PCR Proceeding** - Petitioner's PCR proceeding was commenced no earlier than May 29, 2006, when he dated his Notice of Post-Conviction Relief (Exhibit E). At that time, Petitioner's one year had not yet begun to run. That proceeding remained pending until August 30, 2007, when the PCR court denied his petition.[2] (Exhibit H, M.E. 8/30/07.)

Thereafter, Petitioner had fifteen days to seek rehearing. Ariz. R. Crim. P. 32.9(a). Petitioner did not seek rehearing within that time period, nor did he seek review by the Arizona Court of Appeals.

Petitioner did, years after the decision, file his Motion of Notice of Reconsideration (Supp. Reply, Exhibit D) and Motion for Reconsideration (Exhibit I). Respondents argue this Court should ignore the motion for reconsideration as an untimely second petition, citing *inter alia Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003), for the proposition that a state application filed after the expiration of the federal limitations period does not restart the period. (Answer, Doc, 8 at 9, n. 4.) Here, however, the Motion for Reconsideration was not a second PCR proceeding (despite Petitioner's description of it as such in his Petition). Rather, it was an attempted continuation of his only PCR proceeding, the one that commenced in May, 2006, before his one year began to run.

Respondents argue that there was nothing "pending" in the state courts in the interregnum between the dismissal and the delinquent motion for reconsideration, citing *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) and *Evans v. Chavis*, 546 U.S. 189,

---

[2] The Minute Entry was dated August 30, 2007, but was marked as "Electronically Filed" on August 31, 2007. Because the additional day would not alter this Court's analysis, the date of the hearing and ruling, August 30, 2007 is used as the date of the decision.

192 (2006), and thus no tolling applied during that three year period. (Supp. Ans. Doc. 10 at 4.)

Indeed, in *Melancon*, the Fifth Circuit concluded that an untimely request for appellate review was a new proceeding, not the continuation of an existing one, regardless whether or not the state court found the request untimely, or addressed it solely on its merits. However, the Fifth Circuit observed in a subsequent case, *Currie v. Matesanz,* 281 F.3d 261 (5th Cir. 2002), that the Ninth Circuit had taken a different approach in *Saffold v. Newland*, 250 F.3d 1262 (9th Cir. 2001). "The Ninth Circuit has taken a different approach, holding that whenever a state appellate court reaches the merits of an untimely appeal, the original application for post-conviction relief will be deemed to have been pending from the date it first was filed in the trial court." *Currie*, 281 F.3d at 269, n. 10.

In *Carey v. Saffold,* 536 U.S. 214 (2002), on appeal from *Saffold v. Newland*, the Supreme Court evaluated the Ninth Circuit's approach, noting the uniqueness of the facts based upon California's indeterminate ("unreasonable delay") deadline for appeals in PCR proceedings. The Court held that if the appeal were ultimately deemed timely (because the delay was not unreasonable), then tolling would apply in the interregnum. The Court observed, however, that the basis upon which the state court denied the delayed appeal was not conclusive on the issue. "A court will sometimes address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief." *Carey*, 536 U.S. at 225-26. On the other hand, if the state court "had clearly ruled" that the application was untimely, "that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." *Id.* at 226.

In *Evans v. Chavis*, 546 U.S. 189 (2006), the Court revisited the issue in a case

where a California petitioner had waited three years before seeking review by the California Supreme Court, which then issued an order summarily denying the appeal without explanation. The Ninth Circuit had relied upon its rule in the procedural default realm that a summary decision was deemed to be on the merits. The *Evans* court concluded that the Ninth Circuit could not apply such a rule of thumb, and was required, with our without a merits determination by the state court, to decide whether the application was timely. Thus, "without a clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." 546 U.S. at 198.

Here, of course, unlike California, Arizona has a facially determinate 15 day timeline for motions for reconsideration. As observed hereinabove, however, that time limit is neither absolute nor jurisdictional but is subject to exceptions which can render a motion for reconsideration filed after the 15 days nonetheless timely. Thus, this Court must ascertain whether the Arizona court "clearly ruled" that Petitioner's "Motion for Reconsideration" was untimely. And, if no ruling was made, this Court must determine whether, under the circumstances, the motion was timely or untimely.

Respondents protest that permitting an untimely motion for rehearing to toll the statute of limitations during the time between the denial and the motion must be based on reasoning under which "no statutory tolling period would ever end." (Supplemental Answer, Doc. 10 at 5, note 2.) The reasoning applied here is not so broad. Rather, the question is not whether an untimely motion extends the tolling (it does not), but whether the motion was untimely. If it was timely under Arizona law, then tolling of the federal habeas limitations period applies, regardless whether it was filed within the general 15 day time limit, or years or even decades later but nonetheless timely under Arizona's exceptions to its timeliness rule. In *Carrie*, California raised the same spectre, only based on it's wholly indeterminate time limits under its "original writ" system. The Supreme Court responded: "California remains free, through legislative or judicial

action, to adjust its 'original writ' system accordingly." *Carrie*, 536 U.S. at 225. Similarly here, it is Arizona which establishes its rules for when a motion for rehearing is timely. The federal courts merely apply those rules as they find them.

<u>No Tolling from Untimely Motion</u> – Here, the timeliness of Petitioner's motion for rehearing has already been decided by the Arizona court.

Upon initial review, and in accordance with argument by Respondents, the undersigned viewed the PCR court's August 21, 2012 summary ruling (Exhibit J) as a rejection of Petitioner's Motion for Reconsideration. In such light, there appeared the potential that the motion could have been deemed timely under Arizona's exceptions to its time limits, and that it had been rejected on its merits. Consequently, the parties were directed to provide further briefing. (Order 1/29/14, Doc. 9.)

On closer examination, however, it is apparent that the PCR court was not ruling on the Motion for Reconsideration, but on the earlier filed "Motion of Notice of Reconsideration." The PCR court explicitly so stated. (Exhibit J at 1.) That motion was not Petitioner's motion for rehearing on the denial of the PCR petition, but a motion to file a delayed motion for rehearing. Petitioner's substantive argument, in effect his motion for rehearing, was presented only in the later "Motion for Reconsideration."

Because the request to seek a delayed rehearing was denied, the PCR court never considered and never ruled on the actual motion for rehearing, the "Motion for Reconsideration," which its August 20, 2012 ruling had effectively deemed to be barred as untimely. Because the motion for rehearing ("Motion for Reconsideration") was determined by the Arizona Court to be untimely, it did not serve to leave Petitioner's first PCR proceeding "pending" beyond the PCR Court's denial of the petition.

<u>Motion for Reconsideration Not Timely</u> – Even if this Court could rethink the PCR court's rejection of the attempted motion for rehearing as untimely, this Court could not find Petitioner's motion to have met the requirements under Arizona law.

Petitioner argues that under Ariz. Rev. Stat. §§ 13-4326 and 13-4329 it is his receipt of the court's decision which commences the running of the fifteen day

limitation. He alleges he did not receive the PCR Court's ruling until December 12, 2010. (Petition, Doc. 1 at 11.) But Petitioner is inconsistent in the date he contends he received the ruling. In his Affidavit filed with his Motion of Notice of Reconsideration, he avowed that he received it on "12-09-10." (Supp. Reply, Doc. 11, Exhibit D, Affidavit at 2.) In his Supplemental Reply he argues he received it "on or about December 8th, 2010." (Doc. 11 at 6.)

Moreover, Arizona cases say it is the mailing not the receipt of the ruling which governs the time for action after a ruling in a PCR proceeding. *State v. Savage*, 117 Ariz. 535, 536, 573 P.2d 1288, 1289 (1978). Indeed, section 13-4329, the statutory counterpart to Arizona Rule of Criminal Procedure 32.9, requires that a motion for rehearing be filed "within fifteen days after the ruling of the court." Ariz. Rev. Stat. § 13-4329(A). No mention is made in §13-4239 or Rule 32.9(a) of delivery or receipt of the ruling, and the Arizona procedure of counting from mailing of the order is a construct of court rulings attempt to apply the rule, finding it a reasonable way to effectuate the timeline where decisions may be rendered from chambers without the parties knowledge. *But see Zuniga*, at 106, 786 P.2d at 957, n.2 (noting that notice is often received in court and not deciding effect of such notice); and *State v. Whitman* - - P.3d - - - (April 9, 2014) (time for appeal runs from oral pronouncement of sentence not issuance of written sentence).

The Arizona courts have further adopted a rebuttable presumption that the mailing occurs on the same date the ruling is filed. *State v. Byers*, 126 Ariz. 139, 141, 613 P.2d 299, 301 (App.1980) *overruled on other grounds by State v. Pope*, 130 Ariz. 253, 256, 635 P.2d 846, 849 (1981). Petitioner proffers nothing to show that the decision was not mailed to him or his PCR counsel in 2007. He simply argues he did not personally receive it.

Even if Petitioner could show that the PCR court's ruling was not mailed to him or his counsel in 2007, his motion for rehearing would still have been untimely. Petitioner has contended the ruling was eventually mailed to him on December 3, 2010.

(Supp. Reply, Doc. 11, Exhibit D, Motion of Notice of Reconsideration at 2.) The copy of the envelope supplied by Petitioner with his Supplemental Reply includes a postage machine stamp with an apparent date of "December 08, 2010." (Doc. 11 at Exhibit C.) On close inspection, however, it appears that the numeral "8" may have been marked over by pen or pencil. On the copy of the envelope filed by Plaintiff with his Motion of Notice of Reconsideration, the postage mark is almost invisible, and is entirely illegible. (Petition, Doc. 1, Exhibits, "Motion of Notice of Reconsideration," Affidavit, Exhibit 2; Supp. Reply, Doc. 11, Exhibit D, Affidavit, Exhibit 2.) The undersigned finds Petitioner's own statements to be the most reliable reflection of the mailing date, and thus finds that the ruling was mailed on December 3, 2010.[3]

Assuming Petitioner's time to move for rehearing began to run on that date, then his fifteen days would have expired on Monday, December 20, 2010. However, because the ruling was sent by mail, Petitioner would be entitled to an additional five days pursuant to Ariz. R. Crim. P. 1.3(a). *Cf. State v. Savage*, 117 Ariz. 535, 536, 573 P.2d 1288, 1289 (1978) (additional time for service by mail applies to petitions for review in PCR proceedings); and *State v. Zuniga*, 163 Ariz. 105, 786 P.2d 956 (1990) (extending rule to appeals). As such, his time to seek reconsideration would have in any event expired on Monday, December 27, 2010, some 24 days before his "Motion for Reconsideration" was filed on January 20, 2011, and seven days before his "Motion of Notice of Reconsideration" was filed, on January 3, 2011.

The undersigned notes that for purposes of calculating tolling under § 2244(d), the federal prisoner "mailbox rule" applies.

> Under the "mailbox rule," a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court. Thus, to benefit from the mailbox rule, a prisoner must meet two requirements. First, the prisoner must be proceeding without assistance of counsel. Second, the prisoner must deliver the petition

---

[3] Because of intervening weekends, adopting the December 8, 2010 date would ultimately make only one day's difference, making the ultimate due date December 28, 2010. *See* Ariz. R. Crim. P. 1.3(a) (computation of time). That one day would not alter this Court's analysis.

1         to prison authorities for forwarding to the court within the limitations period.

2 *Stillman v. LaMarque*, 319 F.3d 1199 (9th Cir. 2003). Here, however, Petitioner proffers

3 nothing to show that he would benefit from the application of this rule.

4       It is true that the "Motion of Notice of Reconsideration" includes a Certification

5 of Service indicating that Petitioner served the motion by mailing it on December 15,

6 2010. (Supp. Reply, Doc. 11, Exhibit D at 5.) However, that certification does not

7 reflect whether the mailing was by delivery to prison authorities. Even if it were

8 assumed that was the manner of mailing, the Affidavit appended to the motion reflects

9 that it was not executed until December 20, 2010. (*Id.*, Affidavit at 2.) Moreover, the

10 attached Exhibit 3 is an ADOC Inmate Letter by Petitioner dated December 19, 2010.

11 (*Id.*, Affidavit, Exhibit 3.) As a result, the certificate of service showing mailing on

12 December 15, 2010 is demonstrably unreliable.

13       Moreover, that filing was not a motion for rehearing, but rather a request to

14 extend the time for filing such a motion. Petitioner's actual motion for rehearing was not

15 filed until January 20, 2011. It includes a Certificate of Service dated January 7, 2011,

16 eleven days after the deadline. However, it similarly includes an attached Affidavit with

17 a later date (January 14, 2011), indicating the Certificate of Service is unreliable.

18       In sum, even if this Court would reject the PCR court's timeliness ruling,

19 Petitioner has failed to show that his motion for rehearing was actually timely.

20       <u>Conclusion re First PCR Proceeding</u> – Based on the foregoing, the undersigned

21 concludes that Petitioner's one year was statutorily tolled by reason of the first PCR

22 proceeding from its inception only until August 30, 2007, when the PCR court denied the

23 PCR petition. Without further tolling, the limitations period would have expired on

24 August 30, 2008.

25       **No Tolling from subsequent PCR Proceeding** – To the extent that this Court

26 could construe Petitioner's belated Motion for Reconsideration as a subsequent post-

27 conviction application, that still would not result in further tolling. This is so for two

28 reasons.

First, if a post-conviction application is untimely, it cannot be deemed a "properly filed application," and does not result in any statutory tolling of the habeas limitations period. *Allen v. Siebert*, 552 U.S. 3, 7 (2007). The Arizona PCR court ruled the motion for rehearing untimely by denying the "Motion of Notice of Reconsideration."

Second, once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Petitioner's one year had expired in 2008. Thus, his filings in 2011 had no effect on the statute of limitations.

**Summary re Statutory Tolling** – Based upon the foregoing, Petitioner was entitled to statutory tolling only until August 30, 2007, giving him one year thereafter, until August 30, 2008, to file his federal habeas petition. Thus, the instant Petition, filed no earlier than June 5, 2013, was almost five years delinquent.

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner argues that his petition should be deemed timely because he "exercised due diligence seeking final adjudication of the state post-conviction remedies" and was "not notified of the superior court's denial of relief from Defendant's pro per petition for post-conviction relief until December 12, 2010." (Petition, Doc. 1 at 11.) The undersigned assumes, for purposes of this part of the report and recommendation, the truthfulness of Petitioner's assertions of belated discovery of the PCR decision in 2010 and that Petitioner acted diligently prior thereto to press his claims in the state courts.[4] Even with those assumptions, under *Pace v. DiGulielmo*, 544 U.S. 408 (2005) Petitioner must still be denied the equitable tolling necessary to make his federal petition timely.

Even if it is assumed that Petitioner acted promptly to file his state motion for reconsideration, he did not act promptly to file his federal habeas petition. In *Pace*, the Supreme Court rejected the petitioner's argument that he should be granted statutory tolling for an untimely state petition because of the need to exhaust state remedies.

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,' " and thus that his federal habeas petition is time barred. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.

*Pace*, 544 U.S. at 416 (citations omitted). While this portion of *Pace* dealt with statutory

---

[4] The undersigned does note, however, that the PCR court's ruling did not come only in written form, but had been rendered on the record with at least Petitioner's counsel present. (*See* Exhibit H, M.E. 8/30/07.) Further, Petitioner's filings after discovery of the denial were explicitly directed at establishing the exhaustion of his state remedies. This gives at least an appearance that the much delayed seeking of a rehearing resulted from a recent discovery of the need to exhaust state remedies and not a recent discovery of the denial of relief by the PCR court.

15

tolling, the same reasoning precludes equitable tolling. Here, Petitioner offers no reason he could not have employed the same procedure – filing his federal petition and then seeking to stay his petition until resolution of his efforts to exhaust his state remedies – so as to promptly file his federal habeas petition after discovering the denial of his PCR petition.

Second, the Court in *Pace* observed that the petitioner "sat on [his claims] for five more months after his [state post-conviction] proceedings became final before deciding to seek relief in federal court." *Pace*, 544 U.S. at 419. The Ninth Circuit has observed that ordinarily, thirty days after elimination of a roadblock should be sufficient for a habeas petitioner to file his federal habeas petition. *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003). Here, Petitioner delayed almost ten months after his efforts to file a motion for reconsideration were spurned (from August 21, 2012 until June 7, 2013), before filing his federal habeas petition. Petitioner proffers no explanation for this extended delay.

Under these circumstances, even assuming that Petitioner was diligent in discovering the denial of state PCR petition, Petitioner has failed to show that he was diligent in pursuing his rights after his discovery of such denial.

**5.  Actual Innocence**

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was

free of nonharmless constitutional error.' " *Id.* at 1936 (quoting *Schlup,* 513 U.S. at 316).

Petitioner makes no such claim of actual innocence in this proceeding.

### 6. Summary re Statute of Limitations

Taking into account the available statutory tolling, Petitioner's one year habeas limitations period commenced running on August 8, 2006, and expired on August 30, 2007, making his June 7, 2013 Petition almost 7 years delinquent. Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

### B. OTHER DEFENSES

Respondents also assert that Petitioner has procedurally defaulted on his state remedies on his claims. Because the undersigned finds the petition plainly barred under the statute of limitations, this other defense is not reached.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.  To the extent that Petitioner's claims are rejected on such grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."  Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed June 7, 2013 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the reasoning of this Report and Recommendation is adopted, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: April 14, 2014

James F. Metcalf
United States Magistrate Judge

13-1155r RR 14 01 24 on HC.docx