**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ta Yoat Ni,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-13-01155-PHX-PGR (FJM)<br><br><u>ORDER</u> |

Having reviewed *de novo* the Report and Recommendation on Petition for Writ of Habeas Corpus of Magistrate Judge Metcalf in light of the petitioner's timely filed Objection to Magistrate's Report and Recommendation to Habeas Corpus Petition (Doc. 15), the Court finds that the petitioner's habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed with prejudice as time-barred because it was filed several years after the expiration of the AEDPA's one-year statute of limitations.[1]

The Court concludes that the limitations period was statutorily tolled only through August 7, 2007, the date the state trial court denied the petitioner's Post-

---

[1] Because the habeas petition was not timely filed, the Court cannot resolve the merits of the petition.

Conviction Relief ("PCR") petition, giving the petitioner until August 30, 2008 in which to file a timely § 2254 petition. His pending petition was not filed, however, until June 7, 2013 (or June 5, 2013, at the earliest, using the mail-box rule).

The Court rejects the petitioner's argument in his Objection that his habeas petition is timely because he is entitled to have the time period between August 7, 2007 and August 21, 2012 statutorily tolled on the ground that his PCR petition was pending before the state trial court for that entire period. The petitioner's argument is based on his contention that he did not receive a copy of the 2007 denial of his PCR petition until December 8, 2010, that he then filed on January 3, 2011 a Motion of Notice of Reconsideration Re: From the Denial of Petition for Post-Conviction Relief, and an Extension of 30 Days in Which to File [a motion for reconsideration], followed by a substantive Motion for Reconsideration filed on January 20, 2011, and that the state trial court did not deny his Motion of Notice for Reconsideration until August 21, 2012.[2] The Court agrees with the Magistrate Judge that this time period cannot be tolled as a continuation of the PCR petition because the state trial court denied the Motion of Notice of Reconsideration as untimely, without ever reaching the merits of the petitioner's subsequent Motion for Reconsideration.

The Court further agrees with the Magistrate Judge that the petitioner has not

---

[2] The petitioner did not appeal the state trial court's denial of his PCR petition or its denial of his Motion of Notice for Reconsideration, nor did he fairly present any of his federal habeas claims to the state courts, and he is now procedurally precluded under Arizona law from doing so. Thus, even if the habeas petition could be found to have been timely filed, the Court would still have to dismiss it without reaching its merits because the petitioner procedurally defaulted on all of his federal claims raised in his habeas petition and has not shown either the required cause and prejudice for his default or a fundamental miscarriage of justice sufficient to excuse his default. Furthermore, he makes no claim of actual innocence.

established that he is entitled to any equitable tolling. Even if the Court accepts the plaintiff's contention that he did not receive notice of the 2007 denial of his PCR petition until sometime in December, 2010, he has not demonstrated that he is entitled to the equitable tolling necessary to make his habeas petition timely. What the petitioner has not shown is any casual connection between the delayed notice of his PCR denial and any inability on his part to timely file a habeas petition given that he could have timely filed a protective habeas petition and then asked to have it stayed pending his inquiry into the status of his PCR petition and his belated attempt to exhaust his state remedies, as noted by the Supreme Court in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation on Petition for Writ of Habeas Corpus (Doc. 12) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied as time-barred and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the petitioner is denied leave to appeal *in forma pauperis* because jurists of reason would neither find it debatable whether the petitioner has made a substantial showing of the denial of a constitutional right nor whether the Court is correct in its procedural ruling.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 9th day of June, 2014.

Paul G. Rosenblatt
United States District Judge